*147 PINION of the Court, by
Judge Logax.
The appellants exhibited their bill to coerc'e from the ap-pellees the title at law to certain land, upon the following claim, viz.
" October 3d, 1780 — 'Benjamin Ashley (an officer in the continental army) claimed a pre-emption of 1000 acres of land, situate on the north branch of the middle fork of Kingston’s fork of Licking, and about three-fourths of a mile above a lick on the §. W. side of said branch, adjoining the lands of John Spverus, as assignee of Elias Tólin, who improved the same in the year 1775, and was a sergeant in the 11th Virginia regiment : due proof being made of the sanje, the court are of opinion the said Ashley is entitled to the pre-emption of 1000 acres of land as described above.”
In virtue of this certificate granted by the county court of Fayette, the said Ashley procured a pre-emption warrant as assignee of Elias Tolin j and on the J 3th day of December 1782, entered with the surveyor the said pre-emption in the descriptive and locative calls following, to wit: “ On the north branch of the middle fork of Hingston, of Licking, about three-fourths of a mile above a lick on the S. W. side of the said branch, adjoining the land of John Soverns.”
In the investigation of this claim, the first question .presented is as to the sufficiency of the entry. The only description given therein which could lead with any *148 degree of certairlty to á definite spot, is the call to ad-j°in the land of John Soverns.
Entry held deceptive ''6 & p ’
Soverns, on the 20th of November 1779, obtained from the court of commissioners a certificate for a set-tlement and pre-emption to land “lying on a branch of the east fork of Licking creek, about four miles from the head, and about five or six miles from the head of Gist’s creek, to include a small deer lick, by improving the same in the year 1775, and residing in the country ever since the year 1776. Satisfactory proof being made to the court, they are of opinion that said Soverns *'as a right to a settlement of 400 acres of land, to in-elude such settlement, and the pre-emption of 1000 acres adjoining.’*
This claim was transferred to Christopher Clarke, who entered the same in his own name as assignee of Soverns, before Ashley’s claim was located.
It is a settled principle, that an entry which calls to adjoin the land of one who has a right to a settlement and pre-emption, but before the entry of the pre-emption with the surveyor, must be construed to adjoin the settlement only. So it has been determined, that an entry which calls for the land of one who had obtained a certificate for a settlement and pre-emption, but having transferred the pre-emption, which Was entered in the name of the assignee, must also be taken to adjoin the settlement. In the former Case the settlement is the only located, fixed and certain claim, and therefore alone susceptible of being adjoined with precision in known form: and in the latter, the settlement is the only located and fixed claim known of record in the I name of the original claimant; and therefore is considered as better answering the description of the adjoining claim.
It follows, therefore, that the claim of Ashley, which calls to adjoin the land of Soverns, who at that time had in his pwn name but one claim located, must adjoin that claim, being the settlement of Soverns.
Ashley was authorised by law, when he entered his pre-emption, to locate it on any vacant land : b“ was not necessarily confined to the improvement called for in the certificate; and as he has not called for it in his entry, and the rule in this respect being that the certificate and entry are not tobe taken together as forming one entire location, his claim must be considered, with reference to the settlement of Soverns, without regard *149 to any possible influence which a call for the improvement might have upon the figure and manner of laying down his claim. Indeed' the want of notoriety in the improvement of Tolin, whose assignee he is, and the fective description given as to its situation, renders the omission to call for it in the entry, without additional calls of description had been given, no disadvantage or injury to the entry. *
This leads to the inquiry, whether an entry made in December 1782, depending essentially on the settlement of Sovérns, is a good entry? For no other aid can be derived from the other calls in Ashley’s entry, than such as relate to the manner of adjoining Soverns’s land.
We shall proceed, therefore, to examine Soverns’s settlement, as a proper object of description in December 1782, to an adjoining entry.
The testimony in the cause shews that the lick upon which his claim is laid, was generally known by the name of Soverns’s lick; but it does pot prove that his improvement was equally notorious Us his improvement, or that it was sufficiently known to sustain an entry depending essentially upon it.
As then Soverns’s settlement does not call for his lick, it must, in order to support it, derive aid from other calls. Its description as “ lying on a branch of the east fork of Licking,” is incorrect and deceptive: and the only possible ground upon which it can be sustained, is through the call for five or six miles from the head of Gist’s creek, and about four miles from the head of the branch.
The proof is not clear, that Gist’s creek was generally known by that name at any time; but it is less satisfactory to shew that in the fall 1782, it was generally known by that name. It certainly obtained and retained the name of Stoner, from about the year 1779. It does not, however, seem indispensable to determine whether this creek |ras w^ll known in 1782, by thename of Gist’s creek, inasmuch as the uncertainty of the branch, from the description given of it as a branch of the eastfork of Licking, can scarcely fail to prove fatal to this entry. If we suppose a subsequent locator at the head of Gist’s creek, whither would he have gone, either from the natural situation of the surrounding country, or from the general imputation of any stream as the eastfbrk, in quest Of?a branch of that fork, itpon which to ascertain *150 the lick and improvement called for? There were se-veral licks and many improvements on those branches, which seem equally to fit the description. The entry is therefore vague, and the decree of the court dismissing the complainants’ bill is correct.
The decree must be affirmed with costs.